Good morning. Happy Friday to everybody. Fourth day of our session here in Atlanta. We have three cases this morning, and before I call the first case, I'll just give you a few rules of the road. Most of these will be familiar to you, I think. Just know first and foremost that we have read the materials that you have submitted to us, your briefs, the underlying cases, the record material, the statutes. So don't waste your own time with a bunch of factual and procedural ramp up. I know your time is limited, so just get right to it. Two, the traffic light system that we have here, I think it's intuitive. Green, you're good to go. Yellow, please do begin to wrap up. And with the red light, unless you're answering a judge's question, please just wrap up and finish. I won't cut you off in the middle of a sentence, but just know that you're sort of into our time at that point. So with that, I'll call the first case, 22-10568, Flowers v. the Commissioner of Social Security. I have Mr. Bailey here for the appellant, Mr. Weaver here for the appellee. Mr. Bailey, whenever you're ready. May I please have the floor of the opposing counsel, Jason Bailey, for the remand of the two consecutive adjacent contradictory adjudicative facts. The first, on April 17, 2017, Mr. Flowers was determined to be limited to sedentary work, which is the least intensive of Social Security's work categories. Then the next day of subsequent decision, April 18, 2017, he was found to be able to do less, a more intensive work category. Can I ask you just a quick question? I take it that you're advocating some form of soft rule that at the very least the Commission has to consider the earlier determination in the later determination. But is the rule that you're advocating limited to the universe of cases in which the days are literally adjacent to one another? We would not specifically limit it to that. I think that we would expect to see that to be the most certain, the strongest case. I think you see that reflected in at least one of the foreign cases that we cited, whether it was Albright or Early, where they say something to the effect of, we're more concerned when it is this adjacent discrepancy. I guess I'm just trying to figure out like what, how we would articulate the rule that might govern the case. We're asking for a rule and suggesting, arguing that the ALJ in this case erred because he did not consider, first of all, the prior adjudicative fact, didn't explain to some commentary to light, and didn't make some sort of finding of improvement. Obviously, those are sort of related, and that that wasn't supported by substantial evidence. Well, counsel, let me ask this, because let me ask this backing up a little bit. Can you show me where in the administrative record you asked the ALJ to do any one of three things that you've just advocated? So one, you are required as a matter of law to consider a prior adjudicative finding. Second, that you are required to give a presumptive weight. We don't have to decide what weight that is, but some weight. And three, that weight can only be overcome with evidence in the record showing changed circumstances. Can you show me the administrative record where you argued any of those three errors to the ALJ, or that the ALJ had to do that, or to the appeals counsel? I don't think that there was an explicit discussion of the discrepancy. For bringing up the issue of fact, I think it already limited to... Can I ask you a question? Is the prior adjudicative finding even in the record in this case? The prior adjudicative finding is... The administrative record. The administrative record. We know that they had it. That wasn't my question. You're asking, I think, whether the ALJ decision from the first case was exhibited and is included in the record on appeal. It is not. Isn't that indicative of an indication that the ALJ was not even told you were required to consider this? Because if it was, then someone would have given him the copy and said, hey, consider this. Here's the prior finding. You need to give that weight, and then you need to evaluate whether there's new evidence to overcome it. It's our position that the ALJ was told that he was required to consider the first part of our request, that in the Social Security Act 42 U.S.C. 405 B.1, which says cases should be decided on evidence. There's no doubt that that's true. If someone had introduced this as evidence, I think there would be a great claim that a refusal to consider it could be error. Where it's not presented to the ALJ as evidence by anybody, and we know that because it's not in the record, how possibly could we say that the ALJ heard? Well, I guess I disagree respectfully with that premise, Your Honor, because the nature of the Social Security hearings is not like a court case where we are presenting exhibits, where we are asking for their admission. In fact, the way that it works is at the initial application stage, what's going to happen is, according to the POMS, the regulations at that stage, they're supposed to go and look and ask, should we get the prior claim? And the rules sort of say, yeah, err on the side of getting it. And we know that they got it because on... There's no doubt they had the prior, the evidence from there, because the ALJ in fact discusses the evidence from the prior hearing. So, if I can fast forward you a little bit, I've looked at the regulations, and so, and you point to them somewhat in the brief, you're right that there is an obligation of the ALJ to create the medical record in this case. In other words, the, especially where people are pro se, not the situation for the claimant here, but where people are pro se, it is the obligation of the ALJ to create the medical record and then make the findings. But prior findings are not medical record. And I don't see anywhere in the regulations that require the prior adjudication to be gathered by the ALJ in the second hearing, rather than the medical records underlying those findings. And if you can point me to somewhere, I'd be interested in it. Well, obviously, as you point out, these are not medical records. We think that these fall under a particular type of evidence that they define as evidence from non-medical sources, which can be received from our own administrative records. So that's, I think, the category that we're talking about. We would distinguish between, obviously, whether they've got it and whether it's included in the record for appeal. I believe, or it's our position, that the purpose of exhibiting things and including them in the record is for reviewing courts, the district court, this court, to say, well, what actually happened? What was said? What are the facts? And we know what the facts are in part because we have the benefit of the earlier case went up to the district court. There was a decision, an unpublished decision, but a decision from the district court that is then referred to, one, at the ALJ hearing and then is referred to again in the ALJ's decision. All right. So let's talk about review. So can you show me where in either the original complaint that's filed, I don't know if that's the right way to call it because this is a bit of a different animal, but the original complaint that's filed or the original motion for, I don't know if you'd call it summary judgment, essentially the motion for judgment that's done, the memorandum of law in support of judgment. Can you show me where you articulated that the ALJ erred in three ways? Way number one, that the ALJ erred as a matter of law in failing to consider the judgment and the findings from the first case. Second, that the ALJ erred in failing to give those findings presumptive weight. And then the third one, that the ALJ was required as a matter of law to then only find something contrary to that where there's changed circumstances. Can you show me where in the district court record? No. What we can show you is that in the initial brief, counsel was essentially advocating, look, there's not been an improvement. He's gotten worse. That's a very broad argument obviously, but we think that that is a claim that would encompass these items that you discussed. The problem is though, and I'm for reading issues broadly. I mean, we should not be limiting people to make arguments here, but that seems to be stretching it really far because one seems to be not just that I want a new rule, but that the ALJ legally erred in three separate ways, whereas the argument made in the district court seems to be there was a lack of competent substantial evidence supporting it because he actually got worse as opposed to better based on what happened before. Those seem to be very, not just different arguments, but different issues that are raised. Am I seeing that incorrectly? Well, we would certainly push back on that because we believe that the rule that we're announcing, similar to the one announced in the Sixth Circuit, is one based on substantial evidence. We think that it's because it's rooted in substantial evidence and the main How is the, again, I'm sorry to repeat myself, but how is the three things? That you are required as a matter of law to consider prior findings from a first hearing where, and I'll limit the rule, where there's the date for the second claim is one day after the end of the first claim. Second, that you are required not just to consider it, but to give a presumptive weight. And if you don't, that's error. And then third, that presumptive weight can only be overcome if there is new medical evidence showing a worsened condition. I should clarify, Judge, we are not asking for you to find that there is presumptive weight. I think what distinguishes In order, but in order for the last thing to be true, meaning that the changed circumstances part, there has to be some weight. Otherwise, if it's just regular evidence, the ALJ could say, I know that ALJ, that guy's a clown, and I don't believe anything that guy's got to say. So I don't have to, I consider it, but I give it no weight whatsoever, and then I judge the record there. That's not the rule that you're advocating. You're advocating, A, that it be considered, B, that it be given some weight, and C, that it can only be overcome if there's a change in circumstances such that it's no longer there. So those are three separate things, and maybe the last one of those is a substantial evidence argument, although I'm not even sure that is. But the first two sure seem to be independent legal errors, right? I think that the first one is an independent legal error. Absolutely, you've got to consider this fact. Then it becomes a question, and we think that didn't happen here. So if you would prevail on this particular case. But going forward, certainly the next part that I've referred to, this explain yourself, tell us of some improvement, I think is a very gray area. We would concede that, and I think that goes back to perhaps Judge Newsom's question, when does this apply? And I think that that would be something, depending on the facts of the case, depending on the time between the two cases, and would probably be limited. But just to follow up on Judge Luck's question, I mean, I think he's asking you, look, you've made three discrete arguments, sub-arguments. The last of them sounds in substantial evidence, so might be enveloped within the substantial evidence argument that you made in the district court, right? But the first two, you sort of just said that the first argument is an enveloped evidence argument, and then you said the second one is in a gray area. But so how are one and two fairly enveloped within what you said to the district court? Am I making sense? I think I should ask Judge Luck if I'm making sense. I understand. What we said at the district court in the oral argument is, look, there's a problem between sedentary and light. There's a discrepancy here. The argument for saying that you didn't consider it, I would argue, is firmly based in primarily the rule that you have to consider evidence based on the Social Security Act. All right. I have one last series of questions on preservation. So let's say we get past preservation. Okay. So the rule that you're advocating that you have a really good finding, at least with one part of the step. If we get past that step and get to step five, there's a finding in the prior ALJ order, and I have looked at the things you told me to look at, which are the district court order in the prior case and our appellate opinion in the prior case. There are things at step five that are not good for you. And that finding is that there are jobs in the marketplace that even a sedentary worker would be able to do in the national economy, and therefore you're not disabled. It would seem to me that if we were to apply the rule, exactly as you have articulated it, in this very case, the outcome would be the same, because you would not only be stuck with the sedentary finding one that would be good for you, but you would also be stuck with the latter finding, that there are jobs in the national economy. And only if it could show that there's a change in that at the hearing would we deviate from that prior finding. And if that's the case, then isn't this all really harmless with regard to this particular case, even though there may be other cases down the road where this could affect it? Judge, I believe I understand that you disagree with me on this point, but it's our contention that we're not asking for a persuasive rule, something that binds them to act the next time. We're asking them to look at it. We're asking them to just don't ignore it. Acknowledge it and address it. But to Judge Luck's point, even if the ALJ had looked at it, how do you win? He was denied benefits when they found that there was sedentary work, that he could perform sedentary work. Well, I think under the Social Security Administration's existing rules, they're still going to conduct a de novo review. And if the ALJ comes up with the exact same hypothetical based on the exact same RFC, we would lose. Here, there were changed circumstances. There were different severe impairments. The residual functional capacity is different. So we think that you're just going to look at a different set every time. Our focus is on probably a very small limited area of very prejudicial facts, of which we think the change from sedentary to light is one in this case. Okay, great. You'll have your full time on rebuttal. Let's hear from Mr. Weaver. Ma'am, please record. Mark Weaver, Commissioner of Social Security. Substantial evidence supports the ALJ's decision that during the relevant period from April 18, 2017, the alleged onset date, through November 7, 2019, the date of the ALJ's decision, Mr. Flowers was not disabled under the Social Security Act. Review of the district court briefs and the oral hearing transcript at the district court level show Mr. Flowers never raised the issue, urging the district court to adopt a rule requiring the current ALJ to consider a prior ALJ's decision, give it any probative or evidentiary value, or find that Mr. Flowers' condition has improved. I guess the flip side of Judge Luck's question for you is maybe the overarching issue is there's no substantial evidence here, and then different reasons, different arguments within that umbrella issue might be, well, because just on the fact there's no substantial evidence, and another might be, well, because, you know, there's no substantial evidence because he didn't consider this key fact. Your Honor, there's nothing in the regulations or the Act that requires a prior ALJ's decision to be included in the record, and simply because, if you think about that, the regulations... I'm really asking you not so much about the merits, but about just the preservation issue. So in terms of the preservation issue, at the district court level, the district court hearing transcript, Mr. Flowers' counsel actually told the district judge, quote, the simple issue is the decision is not supported by substantial evidence. Right, and I guess I'm just asking, like, within that overarching issue, that simple issue, might you have subsidiary arguments, one of which is there's no substantial evidence because, and I recognize you dispute the merits of this position, but because, he says, didn't consider the prior adjudication. That goes to two different points, Your Honor. First, if you think about the remedy that opposing counsel is asking for before you right now, that is wholly different than the remedy that the claimant was seeking at the district court level. There was nothing in any brief, any transcript, anything, requiring the ALJ to either give evidentiary probative value, anything, to the prior ALJ's decision. Second, one of the things that I do want to point out is that in B-STEC v. Berryhill, the Supreme Court actually demarcated that there were two separate issues. First, the idea of imposing a categorical rule, and then second, whether substantial evidence supported the ALJ's decision. They handled that in two separate issues, and I think that's telling for this matter right here, is because we're so concerned with whether or not the issue was preserved when the simple question was at the district court level, the idea of a rule, a prior ALJ's decision finding being probative, that was never discussed by any party. And one thing that I do want to point out is this court has already decided in Torres, albeit a persuasive opinion, considering the Fourth and Sixth Circuit cases that opposing counsel raises, and specifically held that an ALJ was not bound by a previous determination of the claimant's disability applications before finding that substantial evidence supported the ALJ's decision during the actual period adjudicated. And I think that that's really the point of the regulatory framework, is we do a de novo review, and that provides claimants a fair hearing in all aspects. I guess in fairness though, right, he's saying, no, no, no, I'm not saying bound in some sort of strict res judicata sense, he just says, like, just consider it. I can understand the opposite side, Your Honor, but respectfully, that actually goes against fairness. If you think about it, if every claimant that had a prior ALJ's decision, that was included in the record, especially one in the plaintiff's case or the appellant's case, in which the prior ALJ found him not disabled, presumptively, the claimant would have to overcome the burden of why they are not disabled now. Because that prior ALJ's decision, if given any evidentiary weight, as Judge Luck noted earlier, basically would say, why would this current ALJ rebut this prior ALJ, unless, you know, as anyone said, there is some reason that they faulted their reasoning? I have to say, this is a very odd argument. The rule that is being advocated, would you agree with me, you're in this business, you do this work, this is a horrible claimant rule. If we adopt this, this will be really bad for claimants, will it not be? Yes, Your Honor. I understand that in this odd circumstance a claimant is asking for this rule, but this rule will essentially be horrible for claimants, because essentially it means that even though I was denied disability at one time, that finding, even not just for the next day, but for six months or a year, is going to have some binding or some precedential or we'll call it considerative effect for that going forward on all five steps. I mean, that seems to be a crazy rule that a claimant would want to adopt, and for us to adopt would be really detrimental to claimants. Absolutely, Your Honor. And I think that that's really important, is the fourth and sixth circuits in Albright and Early that are relied upon by opposing counsel. The reason that those cases actually came about were because they were in reference to earlier case binding decisions by those circuits, namely Drummond and Lively. And importantly, Drummond and Lively both involved issues where a claimant changed age categories and that subsequent ALJ decision, if they had been bound by the prior one, would have found them disabled. Essentially if you think about it, we call them the grids. It's kind of a mechanical way of looking at whether or not a claimant is disabled. And in those cases, in Lively and Drummond, it was so influential to the case that when they created this rule, the court later decided that they needed to clarify and essentially walk back their earlier holdings. And in Albright... In other words, originally what the court said is, it's binding no matter what. And really what the Early and the fourth and the sixth circuit cases do is they water down that rule and say, we're just saying you need to consider this thing. You don't have to be bound by it, right? Yes. We're coming at it from the opposite direction. We have sort of an open rule and they're asking us to now make it so that this thing is considered in each and every case no matter what, right? Absolutely. And that's exactly what the Supreme Court cautioned against in BSTEC. Warning that a categorical rule violates the substantial evidence standard which applies to all social security cases. Can you address the harm, what I'll call the harmless error, but there may be another way to talk about it, a question that I asked at the end to your opposing counsel here. In other words, if we're looking at a rule that says it had to be considered and we were to apply that rule in this case, would the outcome be the same because of step five? That's a difficult question, Your Honor, and I will answer that honestly and truthfully. Under the current record, we do not know because it would require a vocational expert to actually testify whether or not the claimant can vote. But remember, counsel, the rule that we're advocating for is you have to consider it and it's given some weight, not dispositive weight, but some weight, and we only can change the decision from the prior decision if there's a change in circumstances in the record. So applying that framework here, what would the outcome be? Mr. Flowers would not be dissenting. Right. We'd end up in the same spot, right? Yes. He has not changed age categories. His past relevant work experience is the same. His education is the same. Essentially everything remains unchanged. It's completely reasonable that if he was found not disabled... And just because it's a day later, the national economy isn't changing all that much in one day, is it? I would like to believe that those jobs wouldn't have changed that much in one day. Right. I do want to also highlight that substantial evidence does support the ALJ's decision, the current ALJ's decision, and I think that's really the crux of the matter. The ALJ relied on a consultative examiner's opinion that Mr. Flowers could actually perform medium work, which is greatly in excess of the ROC finding. In addition, state agency medical consultants reviewed the record. They opined that Mr. Flowers could perform light work with a range of non-exertional limitations. And physical examinations during the relevant period and objective findings, the ALJ thoroughly discussed these. The ALJ noted that most of the physical examinations were mostly benign. There was issues where he did have some decreased cervical range of motion, limited extension, but nothing getting to a point where he could not perform a reduced range of light work. There was no evidence of surgical intervention. He was mainly taking narcotic pain medication, which he testified kept his pain under control and that on, quote, really bad days, unquote, he used ice in addition to his medication. He also took care of all of his personal activities of daily living. And the ALJ, even to go to the point of the prior medical evidence, which this court has noted, going and looking at the prior medical evidence, the ALJ actually considered medical opinions from the prior adjudicated period and actually specifically noted that they were not persuasive because they were not supported by subsequently received medical evidence showing mild physical and radiographic findings and the effectiveness of ongoing conservative care. Is that a determination essentially that the circumstances had changed? In other words, the ALJ didn't use those words, but isn't that essentially saying what happened before is not sort of the current situation, the current situation seems to be much more stable and under control? Yes, sir. You can either look at it as they found, the ALJ implicitly found medical improvement, or the ALJ actually did not believe that the prior ALJ properly found that he was only limited to sedentary work. And I think that either one of those, it goes to the entire heart of this, that even if Mr. Flowers got the remedy he wanted, he still wouldn't be disabled. So, again, the ALJ followed the Social Security Act, the applicable regulations. Nothing in the regulations, the act, or in any intention under the federal register implies that an ALJ must consider as evidence a prior ALJ's decision, let alone nothing in the act, regulations, or intent requires an ALJ to actually provide any sort of evidentiary, probative, or any value to a prior ALJ's decision. Further, nothing requires an ALJ to show medical improvement between one ALJ's decision and the current. Instead, substantial evidence supports the current ALJ's decision. Mr. Flowers failed to provide any authority to support his contention that a rule is either required or would change his circumstance. And even considering the fact that he is proposing a rule which the Supreme Court cautioned against, it would not change the administrative result. Further, there's nothing indicating that Mr. Flowers would not still be able to perform a substantial number of jobs in the national economy. He has the same education, the same past relevant work, and the same age category. At the time, the prior ALJ found him not disabled, even by limiting him to sedentary work. Thus, we respectfully ask this Court to reject any call for a categorical rule or any adopted rule, and instead, affirm the ALJ's decision, deny Mr. Flowers' application for disability benefits. We respectfully request an affirmance. If there's any other questions, I'm happy to answer. Otherwise, I will bide my time. Very well. Thank you so much. Mr. Bailey, let's hear from you in rebuttal. And Mr. Bailey, could you jump in on why this rule wouldn't be a terrible rule for claimants, but also for your client, because that would still mean he was denied, that it was denied that he was disabled. Yes, Judge. First of all, I don't think that it would mean that he was denied. We're looking at, I think, a more limited rule than what's been discussed in that we're not, again, not asking for a persuasive, conclusive effect. We still think that there would be a de novo review for new claims. And the fact that they have to show changes in circumstances isn't actually new in our position. And we say that because if you file a new application now, and you had it prior to now, you still have to show some change in circumstances. The change in circumstances is not the next day. It's not the change in the calendar date. The change in circumstances is the deterioration of the condition here. He's got an MRI, shows stenosis. He's at the Etowah Free Pain Clinic. He's getting more care. He's going to a pain clinic. He is discussing getting a spinal stimulator. You've got to show new evidence. Otherwise, the ALJ has the discretion to deny a request for hearing and dismiss it on the We discussed the principles of res judicata. They can dismiss it on the actual res judicata if, in a new claim, a claimant has not put forth some new and material evidence. And so we think the burden, we wouldn't ask for you, obviously, to change the rule to create more than that sort of low burden of showing new and material evidence, which we think is going to be met in most cases. The exception is the Torres case. The Torres case, we think the ALJ did all the things that we're asking for. The ALJ acknowledged that there was this prior issue. They examined it and said, well, we're not going to follow that because, and this was an issue of whether or not fibromyalgia was a medically determinable impairment. We're not going to find that because, look, in the time period that we're looking at, there's no treatment for the fibromyalgia. During the hearing, the claimant says, yeah, it's not as bad. And there's a subsequent opinion that says it's not severe. So we would ask that you follow that. Thank you. Okay. Very well. Thank you so much. That case is submitted.